UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

JAMES SANFORD MILLER,                     :          Case No. 03-24713T
       *Debtor(s)*
                                                       :
--------------------------------------------------------
                                                       :

GINA MILLER,                              :
       *Plaintiff(s)*
                                                       :

      *v.*                                      :          Adv. No. 03-2483

                                                       :

JAMES SANFORD MILLER,                     :
       *Defendant(s)*
                                                       :

## **ORDER**

       AND NOW, this 10th day of May, 2005, it is ORDERED that JUDGMENT on the complaint is ENTERED in favor of PLAINTIFF and the debt owed by Defendant to Plaintiff is hereby found to be NONDISCHARGEABLE under 11 U.S.C. §523(a)(5) as the court finds that this debt is in the nature of alimony, maintenance and support.[1]

---

1. 11 U.S.C. §523(a)(5) renders debts in the nature of alimony, maintenance or support nondischargeable. It is well established that the issue of whether an obligation is in the nature of alimony, maintenance or support under section 523(a)(5) is a question of federal, not state, law and that the plaintiff bears the burden of proof. Gianakas v. Gianakas (In re Gianakas), 917 F.2d 759, 761- 62 (3rd Cir. 1990). Moreover, as stated by the Court of Appeals for the Third Circuit, "the court must look beyond the label attached to an obligation by a settlement agreement to examine its true nature" and that "whether an obligation is in the nature of alimony, maintenance or support, as distinguished from a property settlement, depends on a finding as to the intent of the parties at the time of the settlement agreement." Id. at 762. To determine this intent, the Third Circuit has instructed that the following three indicators must be examined: (1) the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary, (2) the parties' financial circumstances at the time of the settlement and (3) the function served by the obligation at

Reading, PA

THOMAS M. TWARDOWSKI
United States Bankruptcy Judge

the time of the settlement. Id. at 762-63.  Having examined these indicators in the context of the facts before us in this case leads us to conclude that Plaintiff has met her burden of proof and that the obligation in issue is in the nature of alimony, maintenance or support under section 523(a)(5).

The evidence before us establishes that Plaintiff and Defendant were married for twenty-one years. During their marriage, Defendant was the sole wage-earner while Plaintiff stayed home to take care of the parties' children and household.  Plaintiff did not work outside of the home until after the parties' separated. On September 22, 2000, the parties entered into a marital settlement agreement.  Under this agreement, Defendant agreed to pay Plaintiff $1000 per month for forty-eight months.  The agreement stated that this sum reflected "any and all remaining interest [Plaintiff] may have in the marital property of the parties incurred or [sic] over the course of the marriage." Exhibit P- 4.  However, Plaintiff credibly testified that no marital property existed to justify this $48,000 payment.  In addition, the parties' settlement agreement provided that each party waived their rights to receive alimony, alimony pendente lite, support and maintenance, that Plaintiff waived all of her rights to Defendant's pension/401(k) plan, that Defendant was to assume all marital debts and that Defendant was to indemnify and hold Plaintiff harmless for these debts. See Exhibit P-4.  At the time of the parties' settlement agreement (September 22, 2000), Defendant was earning approximately $149,938 (gross), while Plaintiff earned no income in 1999 and approximately $1908 in 2000.  Finally, we note that Defendant failed to appear at the trial held in this proceeding, but that Plaintiff introduced and had admitted into evidence a letter hand written by Defendant in which he states that he agreed to pay Plaintiff $1000 per month "to get her on her feet." Exhibit P-5.

Given this evidence, most particularly the disparate earnings and earning capacities of the parties at the time of the settlement agreement and the fact that Defendant has admitted that he agreed to pay Plaintiff $1000 per month "to get her on her feet," we find that the parties intended the obligations created by the agreement to be in the nature of alimony, maintenance or support. Gianakas, Id. at 762.  Therefore, these obligations are nondischargeable under section 523(a)(5).